# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

|  |  |
|---|---|
| GREAT HARVEST FRANCHISING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CASSIE WISTE, KNEADING FOR THE PEOPLE, LLC, and SLICED LLC, d/b/a SLICED BAKESHOP AND LUNCHEONETTE, <br><br> Defendants. | CV 26-13-BU-WWM <br><br> ORDER |

Before the Court is Plaintiff Great Harvest Franchising, Inc.'s ("Great Harvest") Uncontested Motion for Final Judgment and Permanent Restraining Order. (Doc. 16). Great Harvest represents that Cassie Wiste, Kneading for the People, LLC, and Sliced, LLC (collectively "Defendants") have consented to an entry of final judgment and a permanent restraining order without further notice. (*Id.*). Great Harvest asks the Court to retain jurisdiction to implement the permanent restraining order. (*Id.*).

Great Harvest's motion was not signed by any party representing Defendants, nor has any attorney officially appeared on the record on behalf of Defendants. The only indication that Defendants are represented by counsel comes from two documents filed by Great Harvest's counsel, in which Casey Drege ("Mr.

Drege"), an attorney with Ohnstad Twichell, P.C. in North Dakota, signed an acknowledgement and acceptance of service of the following on behalf of Defendants: Great Harvest's Verified Complaint, Corporate Disclosure, Motion to File Oversized Memorandum in Support of Temporary Restraining Order, Motion for Temporary Restraining Order, and Memorandum in Support. (Docs. 9, 10).

While the acknowledgements are sufficient to demonstrate service of summons, *see* Local Civil Rule 4.3(a), they do not constitute a formal appearance on the record. A party may appear on the record in a case either through an attorney or personally. In order for an attorney to appear on behalf of a party in this court, the attorney must "be admitted to practice before this court and be on active status and in good standing with the State Bar of Montana." L.R. 83.1(a)(2). If a party is acting without an attorney, they must "appear personally and may not delegate that duty to any other person who is not a member of the bar of this court." L.R. 83.8(a). To date, Defendants have not entered an appearance in either a representative or *pro se* capacity. Defendants' failure to appear on the record may subject it to default judgment pursuant to Federal Rule of Civil Procedure 55, a form of relief Great Harvest is not seeking. However, it does not follow that Great Harvest is entitled to represent on Defendants' behalf that the parties have stipulated to a final judgment that includes a permanent injunction.

2

Without an appearance by Defendants, Great Harvest's representation regarding Defendants' position on its motion for final judgment and a permanent restraining order is a matter of concern for the Court. If Great Harvest were asking the Court to dismiss the action, it would not need Defendants' signature. *See* Fed. R. Civ. P. 41(a)(1)(A) (permitting a plaintiff to dismiss an action without a court order by filing either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or (2) "a stipulation of dismissal signed by all parties who have appeared."). But it is representing that its motion is uncontested when the record does not reflect an appearance by Defendants. Great Harvest is asking the Court to retain jurisdiction and issue a permanent injunction that restrains Defendants from certain acts, a form of relief that undoubtedly invokes due process concerns. The Court is unwilling to grant such relief absent verification from Defendants that they stipulate to a permanent injunction in this matter. Furthermore, because Defendants have not appeared on the record, the Court is unable to verify they were notified of Great Harvest's motion and the representations made by Great Harvest on Defendants' behalf.

**IT IS HEREBY ORDERED** that Great Harvest's motion (Doc. 16) is **DENIED.** Great Harvest may refile in accordance with this Order after an appearance by Defendants and proof of service of its uncontested motion.

The Clerk of Court is directed to notify Great Harvest of the making of this Order.

DATED this 23rd day of March, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE